May it please the Court, Diane Hare with the Federal Defenders on behalf of Mr. Mendez, and I'd like to reserve five minutes of time for rebuttal if I may. This is a case involving a juvenile adjudication and there's absolutely no dispute about that. No one is suggesting that Mr. Mendez was somehow declined and transferred to adult court and then obtained an adult conviction while a juvenile. It's a juvenile adjudication and Washington State law is clear under Title 13. A juvenile adjudication is not a conviction for a crime of violence. But the specific juvenile adjudication is, tell me if I'm wrong on this, it is under this 9.41.0402A? Yes, his prior juvenile adjudication was an offense covered by Title 9. In other words, procedurally the way things work under Washington State law is if you're a juvenile, you're always covered under, and you're being adjudicated delinquent, you're always covered under Title 13. Title 9 sets forth the offenses. Title 13 says a juvenile who commits an offense that would otherwise be considered a crime if committed by an adult. So Title 9.41 is in fact the prior offense for which Mr. Mendez was adjudicated a delinquent. Okay. And I'm just looking at the language of 2A, and it just seems so clear in saying that, yeah, we know about the general rule that you just mentioned. Yes. Is it Title 13? But for this offense, we're doing it differently. And if Mr. Mendez were being prosecuted in Washington State, then what the Washington State legislature did was recognizing that a juvenile adjudication is not a conviction. It put quotes around the term convicted and said, we mean that you may be prosecuted under Washington State law if you have committed a serious offense that is a juvenile adjudication. But isn't the aim really to be parallel? Why should he have a different result just because this case happens to be in federal court, which is referring to state law? Because when Congress, under the federal statute 921A20, applied its choice of law statute and said look to state law, it never limited the review of the state law to the state firearms law. In fact, it said look to Washington State law, which is why the Fourth Circuit in United States v. Walters declined the government's invitation to extend Virginia state law that differentiated between a juvenile adjudication, but also prohibited someone with a juvenile adjudication from possessing a firearm until age 29. So because we are looking at a federal statute, and because Congress never specifically articulated that a juvenile adjudication is a conviction for a crime, which is, by comparison, one statute that I didn't cite in my briefs, but if you looked at what Congress did in SORNA when they decided we're going to look at sex offenders and we're going to require them to register and we're going to include juvenile adjudications of particular types. The Ninth Circuit has been very clear that when Congress wants to include a juvenile adjudication among its definition, it must expressly so state. Because we're interpreting a federal statute here, 922G, the choice of law answer at best creates an ambiguity between Title 13, which expressly holds it's never a conviction, and Title 9. And since Congress did not expressly say we want you to use juvenile adjudications and instead talked about felonies, instead talked about crimes and convictions for crimes, I suggest that the Washington State Legislature's approach in Title 9, when it expressly put in the term juvenile adjudication, recognizes that, in fact, Washington State law differentiates. And Congress did that too under 924 when we talk about the armed career criminal prior offense. It talks about there what's a conviction or what may be used in your criminal history and it specifically includes juvenile adjudications. It didn't do that in 921A20. What about the language in Subpart 3 of the Washington statute? I mean, it does say notwithstanding any other provision of law, you know, a person has been, as you said, in quotation marks, convicted. Yes. Whether in an adult court or adjudicated in juvenile court at the time, you know, you've pleaded guilty or the jury comes back. It just seems like, I mean, I hear what you're saying, that the federal statute just kind of throws us without any guidance into state law. But then when we get into state law, it just seems like Washington has been very clear that for this one particular crime, we're just going to treat this differently from the way we normally would, you know, under Title 13. And I submit to you that that means that Mr. Mendez may be prosecuted in Washington State for possession of a firearm, being a prohibited person for possession of a firearm. But because we are determining whether or not he may be prosecuted under federal law, the careful inclusion by the Washington State Legislature under the, I'm using air quotes, convicted term precisely means a juvenile adjudication is not a conviction of a crime. Wait, wait, wait. Okay. I guess I thought you were referring to this. Are you talking about the same statute I'm talking about? Yes, 941- 0403. Yes, subsection 3. Right. And so it says, notwithstanding any other provision of law, meaning, as I read it, whatever we said over in Title 13 doesn't matter. But for this crime, even if you are convicted, even if you are adjudicated in juvenile court of this offense, you are going to, and they actually put the word in quotes, you are going to be deemed convicted, you know, of a crime. Under this chapter, as to this chapter. So because- And this chapter is basically all of Washington criminal code? No, it would be the Firearms Act. I would submit that that would be the Washington State Firearms Act. So what is the chapter it's referring to? Chapter what? That was my question. Oh, I see. You see what I'm saying? Because when we speak of Washington code and you speak of Chapter 9, it's a big box. Exactly. And I read this and I thought, well, then it like makes- The chapter at the top, it says Chapter 9.41, Firearms and Dangerous Weapons. So I assume it's talking about Chapter 9.41. Well, I would say that the title is 9 and the chapter is 41. The Firearms Chapter. The Firearms Chapter. Because when they say, as used in this chapter, they must be referring to 41. Right. Okay. So if the federal statute directs us to Washington state law, why should we ignore this particular language, which says notwithstanding any other provision? Of law. Of law. Because when Congress said you what Congress was doing when it was determining what is a conviction of a crime punishable by more than two years, was attempting to defer to the states as to how they treated things, were they felonies, were they misdemeanors. And then it further in 921A20 says we're not going to include misdemeanors. It doesn't say we are going to include juvenile adjudications. And Congress knew when it passed FOPA that nowhere in the United States were juvenile adjudications being treated as crimes. We've always held to the principle that a juvenile adjudication is a civil process, not entitled to the same due process. And so it's our contention that when they say look to state law, you have to look to Title 13. I'm not asking you to ignore Title 9. I'm saying Title 9 applies to state prosecutions. Since Mr. Mendez is being prosecuted federally, you look to Title 13 to determine does he have a prior offense that is a juvenile adjudication or does he have a prior conviction of a crime. It's only the Washington State Legislature that specifically delineated, and I understand that's what created the confusion here and why, for the very first time, we're talking about a decision that says you may use a particular juvenile adjudication. So I suppose at best, if the government prevails, then the decision has to be narrowly drawn to 941 being the prior juvenile adjudication that might be used. But it's our contention that they should still lose, because when Congress said look to Washington State law, they never said limit your focus or limit your review to the State Firearms Act. And the Ninth Circuit has previously said in United States v. Marks and United States v. Lasky, we don't care whether or not somebody can be prosecuted in state. We do our federal analysis of our federal statute. We merely look to see whether or not we think this is a crime, a conviction of a crime punishable by more than one year. And so in Marks, for example, Washington State says you cannot use a prior conviction that was unconstitutional. And federally, you may be prosecuted. You cannot collaterally attack the underlying offense if you have that conviction for a crime. So it doesn't matter that Mr. Mendez can be prosecuted in state court. What matters is that he cannot be prosecuted under federal law without expanding the definition of what is a crime beyond what the legislature expressly set forth. I see I have four minutes and 38 seconds. I do want to reserve some time, but I want to answer your questions. One more question, then. Sure. I want to make sure I understand what you were saying about so Washington State law, I assume, has an equivalent of the 922G offense, the felon in possession offense. Yes, and that is 941. Okay. And so were you saying that under Washington State law, this juvenile conviction that your client suffered wouldn't count or it would count? Would. It would count. It would count. He may be prosecuted under Washington State law under the Washington State Firearms Act. We merely indicate that that does not cover the what covers the ground is the general proposition of Title 13. And how we know the Washington State legislature and the Supreme Court of Washington recognize that is that any time they want to include a juvenile adjudication for Washington State prosecution purposes, for example, in 994A, the Sentencing Reform Act, then they specifically define the term conviction to include juvenile adjudication. And since Congress has not specifically included the term juvenile adjudication under its definitions, we ask you to apply the definition found in Title 13, which says this is not a crime, a conviction of a crime. Got it. Okay. Thanks. Thank you. May it please the Court, Alexander Ekstrom on behalf of the United States. Your Honor, counsel just finished with a quotation on 1304, and I believe that's from 011. And it talks about how even under Title 13, an adjudication is deemed a conviction for other purposes. In that instance, what that particular section says is when we're looking outside of Title 13 in 994A, I believe, the Sentencing Reform Act, that the juvenile adjudication is a conviction. And the same is true for 941.040, which is the cognate to 922G. Lasky, cited by the defense, is distinguishable in that it deals with the unless clause of 921A20, dealing with pardon, expungement, and restoration. And the Marcus case cited, again, deals with the ability to collaterally attack the conviction. They're distinguishable. They don't deal with the command of 921A20 that what constitutes a conviction for such a crime shall be determined in accordance with the law of the jurisdiction. Here, the cognate crime, as opposed to Walters, where you're dealing with very different statutes that were nowhere near as specific. Washington specifically goes to the trouble of defining both an adult conviction and a juvenile adjudication in subsection 3 of the statute as a conviction for these purposes. So in this case, and counsel has indicated that should the court rule, it would leave open the opportunity to deal with other states' laws, and the courts agree. The same analysis would occur. You would go to the law of the jurisdiction under which the conviction was secured and see whether or not that jurisdiction has defined the term conviction. In this case, the government believes it's a perfect fit. Conviction is, in fact, defined to include the juvenile adjudication. Were he to be charged under the cognate statute, he would be found guilty in the state of Washington. Can I ask you about the defendant's due process argument? Yes, Your Honor. The due process argument, and by that I assume the court's referring to the Vonge argument, and there the argument being that what is determined a crime will be subject to the laws of the various states. Okay. Maybe let me be more precise. Maybe you're thinking about something different. I was thinking more. I was wondering if we already have precedent that says merely because if you suffer a juvenile conviction, merely because you're not entitled to a jury trial in that context, that doesn't in any way deprive it of, you know, it can still be relied upon as a predicate for a 922. I have the court's question, and I apologize. I was jumping to the equal protection argument in Vonge. Okay. And as far as due process, what's raised by the defense is the Teague argument, and there the remedy is not that the juvenile adjudication can't be used, but that you have a bifurcated proceeding where it is proved up. And proved up not in the sense of just the mere fact of the juvenile adjudication having occurred, but actually prove up the underlying crime? No. I believe it's proving up the fact of the prior conviction. If the court's getting to the argument about how is it fair to use this conviction. That's more. Yes. And that is. Part of why we're able, why you're able just to prove up the fact of conviction, and that can satisfy the element of defense is that we have some sense that it's reliable. A jury, you know, the person had all the normal due process protections, and you don't have all of them in the juvenile context. So it seemed to me by now we must have authority that says no worries, even if you don't have a right to a jury trial. In the juvenile context, those convictions can still be used for all sorts of purposes. Yes, Your Honor. And it's not in either of the parties' briefing, but the precise issue has been addressed by the Washington State Courts, because the same challenge has been made against the use of a juvenile conviction in 941. And so I cannot cite a case to the court because we really didn't join. Is there no authority in resolving that particular question? I believe that Walters is the only other case of which the parties are aware where the juvenile predicate has been sought to be used under 922. Perhaps in other contexts it has. What about Cheatham? Cheatham. It's a juvenile conviction. It's an appellate court, Washington Appellate Court. Yes. And I believe that … Notwithstanding any other provision, it's the same. They're applying the exact same wording, aren't they? They are applying the same rule, yes. And I don't have the citation that deals with it. Cheatham may very well deal with the same issue. The government cited it for the distinction between the consequences and how the consequences of the conviction didn't make it not a conviction. So I apologize. I don't have with me a federal case that deals with that, other than to point out that it's used in multiple contexts and it doesn't violate due process to use it as an enhancement of a sentence itself, either on the criminal history axis or under ACCA. I'm sorry. So we do have federal authority that has rejected the argument in that context, you're saying? I believe that Teague rejects it, although I apologize that I can't recall that right now. Okay. Do the Court have additional questions regarding the additional issues raised with respect to the predicate felony? Appears not. Thank you. Any questions regarding the suppression issue? You'll hear from us if we have questions. Thank you. Thank you. The government attempted to distinguish the cases that we cited or the law that we cited, and the Court inquired as to due process concerns raised by juvenile adjudications. I think the government is correct in identifying that the only other appellate decision that deals with the use of a juvenile adjudication as a predicate is United States v. Walters, where the Fourth Circuit determined that it would be inappropriate to do so. I would point out the due process concerns also encompass those issues raised by the Supreme Court when it addressed, for example, in Graham, how different a juvenile is from an adult. When we decide that we are not going to impose life without parole on a juvenile because of the sociological and the scientific evidence that is different, and yet if the government's argument is taken to its logical conclusion and you now permit the use of a juvenile adjudication for federal prosecution, absent express congressional authorization to do so, how do you conduct the Heller analysis? How do you determine that in fact there has been a very conscious and rational approach to determining that this particular juvenile adjudication under federal law is not depriving someone of constitutional rights, or that the due process concerns that the Supreme Court had in Graham aren't equally compelling, because under state law, Washington state law, unlike federal law, the Supreme Court in Lewis said we don't have to worry about the constitutionality of the prior offense. But under Washington state law, at least an individual being prosecuted would have the opportunity to address some of the issues that we know exist in the juvenile court system, such as the easy suggestibility of a juvenile and their perhaps more ready willingness to plead guilty to an offense as a juvenile, that are completely absent within the context of an adult felony conviction, which is precisely what Congress was intending to legislate when it initially passed 922G and wrote about 921A. So I think that the due process concerns that the Supreme Court had in Graham and within that context are equally compelling here. We have to be very careful when we're taking away constitutional rights under federal law, and there's no evidence in that. There is no congressional record to say this is why we did it, this is how we did it. There was simply a choice of law provision that we all know was referencing how states treat the difference between felonies and misdemeanors, look to state law. And when Washington state clearly says a juvenile adjudication is not a conviction of a crime, unless we say so elsewhere, and then it's careful to say so in specific limited terms, I think the only conclusion that can be drawn is that a juvenile adjudication is not a conviction of a crime. I have nothing else unless you have questions. Thank you very much. Thank you. I'd like to thank both counsel for your argument. United States v. Mendez is submitted.
judges: Rothstein, McKEOWN, WATFORD